# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AUGUST DEKKER, et al.,

    Plaintiffs,

v.                                    Case No. 4:22-cv-00325-RH-MAF

SIMONE MARSTILLER, et al.,

    Defendants.

_____/

## NOTICE OF SUBPOENA DUCES TECUM AND DEPOSITION OF REPRESENTATIVE OF UNINCORPORATED ASSOCIATION

    To:        Endocrine Society
                  2055 L Street NW, Suite 600, Washington, DC 20036

To all parties and their attorneys of record:

Please take notice that pursuant to Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, Defendants Simone Marstiller and the Agency for Health Care Administration, by and through their attorneys, will take the deposition of a representative of the Endocrine Society ("the Entity") under oath as follows:

    Date:        December 12, 2022

    Time:        10:00 A.M. EST

    Location:    2300 N Street NW, Suite 643A, Washington, DC 20037

The deposition will begin at 10:00 a.m. at Holtzman Vogel Baran Torchinsky & Josefiak PLLC, 2300 N Street NW, Suite 643A, Washington, DC 20037, or at

another time and location mutually agreed upon by Defendants and the Entity. The deposition will be taken before an officer authorized to administer oaths and will be recorded stenographically and by videotape.

Please take further notice that Defendants, by and through undersigned counsel, will serve a subpoena ("the Subpoena") to the Entity that also commands it to produce documents in response to the document requests set forth in Exhibit A to the Subpoena by November 28, 2022, or such other date as mutually agreed upon. A copy of the subpoena, including Exhibit A, is attached to this Notice as Exhibit 1.

Defendants seek to examine (1) the Entity's policy position on gender-affirming care for gender dysphoria; (2) any guidelines, standards, best-practices, or policy positions considered or adopted by the Entity for the treatment of gender dysphoria; (3) any side effects and risks associated with the treatments recommended by through a guideline, standard, best-practice, or policy; (3) how the Entity is organized so that Defendants may determine the process used to adopt (or approve) any guidelines, standards, best-practices, or policy positions concerning the treatment of gender dysphoria; (4) how many of the Entity's members, if any, voted to support any guidelines, standards, best-practices, or policy positions; and (5) why the Entity sought to file an amicus brief in this case. Defendants also note their duty to advise the Entity about their duty to confer and discuss what individual will serve as its designee.

| | |
|---|---|
| Dated: November 8, 2022 | /s/ Mohammad O. Jazil<br>Mohammad O. Jazil (FBN 72556)<br>Gary V. Perko (FBN 855898)<br>Michael Beato (FBN 1017715)<br>mjazil@holtzmanvogel.com<br>gperko@holtzmanvogel.com<br>mbeato@holtzmanvogel.com<br>HOLTZMAN VOGEL BARAN<br>TORCHINSKY & JOSEFIAK PLLC<br>119 S. Monroe St., Suite 500<br>Tallahassee, FL 32301<br>(850) 270-5938<br><br>*Counsel for Secretary Marstiller and the Agency for Health Care Administration* |

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2022, a true and correct copy of the foregoing document was served upon all counsel of record via email, as follows:

3

**PILLSBURY WINTHROP SHAW PITTMAN, LLP**

**Jennifer Altman** (Fl. Bar No. 881384)
**Shani Rivaux** (Fl. Bar No. 42095)
600 Brickell Avenue, Suite 3100
Miami, FL 33131
(786) 913-4900
jennifer.altman@pillsbury.com
shani.rivaux@pillsbury.com

**William C. Miller**
**Gary J. Shaw**
1200 17th Street N.W.
Washington, D.C. 20036
(202) 663-8000
william.c.miller@pillsburylaw.com
gary.shaw@pillsburylaw.com

**Joe Little**
500 Capitol Mall, Suite 1800
Sacramento, CA 95814
(916) 329-4700
joe.little@pillsburylaw.com

**NATIONAL HEALTH LAW PROGRAM**

**Abigail Coursolle**
3701 Wilshire Boulevard, Suite 315
Los Angeles, CA 90010
(310) 736-1652
coursolle@healthlaw.org

**Catherine McKee**
1512 E. Franklin Street, Suite 110
Chapel Hill, NC 27514
(919) 968-6308
mckee@healthlaw.org

**LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.**

**Omar Gonzalez-Pagan**
120 Wall Street, 19th Floor
New York, NY 10005
(212) 809-8585
ogonzalez-pagan@lambdalegal.org

**Carl S. Charles**
1 West Court Square, Suite 105
Decatur, GA 30030
(404) 897-1880
ccharles@lambdalegal.org

**SOUTHERN LEGAL COUNSEL, INC.**

**Simone Chriss** (Fl. Bar No. 124062)
**Chelsea Dunn** (Fl. Bar No. 1013541)
1229 NW 12th Avenue
Gainesville, FL 32601
(352) 271-8890
Simone.Chriss@southernlegal.org
Chelsea.Dunn@southernlegal.org

**FLORIDA HEALTH JUSTICE PROJECT**

**Katy DeBriere** (Fl. Bar No. 58506)
3900 Richmond Street
Jacksonville, FL 32205
(352) 278-6059
debriere@floridahealthjustice.org

/s/ Mohammad O. Jazil
Mohammad O. Jazil

5

# EXHIBIT 1

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Florida

| | |
|---|---|
| August Dekker, et al. *Plaintiff* v. Simone Marstiller, et al. *Defendant* | ) ) ) ) Civil Action No. 4:22-cv-00325-RH-MAF ) ) ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Endocrine Society

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 2300 N Street NW, Suite 643A, Washington, DC 20037 | Date and Time: 12/12/2022 10:00 am |
|---|---|

The deposition will be recorded by this method: stenographic, audio, and videotape

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/08/2022

CLERK OF COURT

OR

_____   /s/ Mohammad O. Jazil
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Marstiller and Defendant Agency for Health Care Administration , who issues or requests this subpoena, are:

Mohammad O. Jazil, 119 S. Monroe St. Suite 500, Tallahassee, FL 32301, 850-270-5938, mjazil@holtzmanvogel.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 4:22-cv-00325-RH-MAF

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT A

INSTRUCTIONS

1.  Pursuant to Rule 45(e) of the Federal Rules of Civil Procedure, you must produce documents as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in this demand.

2.  Electronically stored information ("ESI") shall be produced in a form ready to load to an electronic discovery platform: either single-page Tagged Image File Format (.TIFF) or document-level PDF files, along with image load files (.OPT), document-level text (.TXT) files, and a metadata load file (.DAT). single-page TIFF images should be named according to a unique and sequential Bates number. The image load files should indicate page breaks, and each TIFF in a production must be referenced in the corresponding image load file. During the process of converting ESI from the electronic format of the application in which the ESI is normally created, viewed, and/or modified to TIFF, metadata values should be extracted and produced in the .DAT file. To the extent they are available, the metadata values that are to be extracted and produced in the .DAT file are: (a) for emails: email subject, author, recipient, CC, BCC, received date, received time, sent date, sent time; (b) for electronic files: file name, author created date, created time, modified time, and extension; ( c) for all ESI: custodian or source, original path, and MD5 Hash; and (d) for documents that contained an attachment: production number

7

begin, production number end, production attachment range number begin, production attachment range number end, attachment name, and production doc page count. Files that are not easily converted to image format, such as spreadsheet, presentation, audio and video, database, and drawing files, should be produced in native format. If a document is produced in native format, a single-page Bates-stamped TIFF image slip-sheet containing text stating the document has been produced in native format should also be provided. Each such native file should be named for its Bates number with its original file extension, and should be linked directly to its corresponding record in the load file using the NativeFileLink field.

3. If a claim of privilege or other protection is asserted, you must expressly make the claim and describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

4. These requests call for the production of all responsive documents in your possession, custody, or control.

## DEFINITIONS

1. "And" and "or" shall be construed either conjunctively or disjunctively, whichever provides the broadest meaning possible.

2. "Any," "each," and "every" should be understood to include and encompass "all."

8

3. "Communication" means any means of written or oral communication, including but not limited to via telephone, letter, notes, email, facsimile, memoranda, face-to-face meetings, electronic calendar appointments and meetings, text message, instant message, and social media or other apps.

4. "Document" or "documents" have the broadest meaning that can be ascribed pursuant to Federal Rule of Civil Procedure 34. These terms include emails, correspondence, messages on any messaging platform (e.g., Signal, WhatsApp, Teams), social media posts and content, notes, memoranda, reports, calendar entries, telexes, facsimile transmissions, presentation materials, minutes of meetings, telecopies, photographs, pictures, recordings, messages, or call logs. These terms also include any originals or drafts, in any form or medium.

5. "Include" or "including" are to be read as followed by the phrase "without limitation" and have the broadest meaning possible.

6. "Relating to" means respecting, referring to, stating, describing, containing, mentioning, discussing, associated with, pertaining to, or relevant to, the item or subject matter set forth in the request.

7. "Gender dysphoria" is defined in accordance with the September 27, 2022 Brief of Amici Curiae American Academy of Pediatrics and Additional National and State Medical and Mental Health Organizations in Support of

Plaintiffs' Motion for Preliminary Injunction, in *Dekker v. Marstiller*, 4:22-cv-00325-RH-MAF (N.D. Fla.).

8. "Gender affirming care" is defined to include social transitioning, hormone therapy (including cross-sex hormones and puberty blockers), and surgery.

9. "Members" or "membership" is defined to include all members, fellows, students, residents, agents, or any other individuals associated or affiliated with your organization.

10. "You" or "your" is defined as the Endocrine Society and any of its members.

REQUESTS FOR PRODUCTION

Request No. 1: Any documents that state the total number of your membership.

Request No. 2: Any documents that describe how you establish guidelines, standards, best-practices, or policy positions.

Request No. 3: Any documents describing how you established guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria. Any documents and communications showing the individuals or committees that proposed, reviewed, modified, or voted on your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria.

Request No. 4: Any communications with your membership concerning your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria.

Request No. 5: Any documents and communications detailing your intention to file an amicus brief in *Dekker v. Marstiller*, 4:22-cv-00325-RH-MAF (N.D. Fla.).

Request No. 6: Any documents and communications with consultants, federal or Florida government officials, lobbyists, researchers, scholars, members of the public, or any other person relating to gender dysphoria or your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria.

12

Request No. 7:    Any documents and communications showing any side effects and risks associated with the treatments recommended through your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria.