# EXHIBIT S

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

AUGUST DEKKER, et al.,

        Plaintiffs,

v.

SIMONE MARSTILLER, et al.,

        Defendants.

No. 4:22-cv-00325-RH-MAF

---

## AMERICAN ACADEMY OF PEDIATRICS' RESPONSES AND OBJECTIONS TO RULE 45 SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND TO PRODUCE DOCUMENTS

Pursuant to Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, non-party American Academy of Pediatrics ("AAP"), through its undersigned counsel, hereby responds and objects to the subpoena for deposition testimony and the production of documents ("Requests") served by Defendants Simone Marstiller and the Agency for Health Care Administration, ("Defendants") in the above-captioned proceeding.

### GENERAL OBJECTIONS

The following General Objections are incorporated in full into all Specific Objections set forth below:

1.      These responses are made solely for the purpose of this action.  By responding to the Requests, AAP does not waive any objections that it may have to admission into evidence of these responses or any information and/or documents produced in response to the Requests on any applicable grounds.

2.      AAP objects to the Requests to the extent that they impose obligations that go beyond, or that are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of the Court, any Order of the Court, or any other applicable law, rule, or order (collectively "Discovery Rules").

3.      AAP objects to the Requests to the extent they seek discovery beyond any relevant, responsive, non-privileged, and non-duplicative information and/or documents in its possession, custody, or control that would be located after a reasonable search proportional to the needs of the case.  AAP will respond to these Requests in good faith, but observes that the Requests on their face appear to seek information that is not relevant to any party's claims or defenses.  *See, e.g., Boe v. Marshall*, No. 2022 WL 14049505, at *2 (M.D. Ala. Oct. 24, 2022) (finding materials sought from a third party were irrelevant to a similar lawsuit challenging restrictions on gender-affirming care in the State of Alabama, reasoning that the "materials are unlikely to reveal or lead to any information that would help resolve the fundamental issue in this case," the constitutionality of the challenged statute); *see also North Carolina Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 51–52 (D.D.C.

2005) (holding that "[t]he mere filing of an amicus brief … does not open oneself to broad discovery demands, nor does it make one's bias, if any, relevant to the underlying action" and that "imposing such a burden on amici would undoubtedly discourage entities from making amicus filings at all, so as to avoid subjecting themselves to severe scrutiny and onerous discovery requests.").

4.      AAP objects to the Requests as overly broad and unduly burdensome, particularly the burden of requiring a non-party to respond to multiple deposition topics and multiple requests for documents, many with multiple sub-parts, which demand "*[a]ny* Documents" and "*[a]ny* Communications" (emphasis added) and are unbounded by time or any other limiting criteria.  The cumulative burden of responding to these Requests is not proportional to the needs of the case, particularly because AAP is not a party to the case.  Indeed, "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs" under Rule 45 of the Federal Rules of Civil Procedure. *See, e.g.*, *Va. Dep't of Corrs. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (holding that "a more demanding variant of the proportionality analysis" applies, and that courts "must give the recipient's nonparty status special weight, leading to an even more demanding and sensitive inquiry than the one governing discovery generally.").

3

5.      AAP objects to the Requests, and to the definitions and instructions included in the Requests, to the extent that they assume facts and events, include characterizations that are assumed to be accurate, or contain legal conclusions.  By responding to the Requests, AAP does not admit or concede that any fact, event, characterization, or legal conclusion is correct or accurate, and AAP reserves the right to contest all assumed facts, events, characterizations, and legal conclusions.

6.      AAP objects to the Requests, and to the definitions and instructions included in this set of Requests, to the extent that they purport to require that AAP identify and provide discovery with regard to "any" or similar all-encompassing wording on the grounds that the Requests are individually and collectively overly broad and unduly burdensome and seek discovery not relevant to the parties' claims and defenses nor proportional to the needs of the case.  To the extent that the Requests seek information and/or documents that are not reasonably accessible because they cannot be retrieved or produced without undue burden or cost, AAP objects because the Requests are overly broad and unduly burdensome.

7.      AAP objects to the Requests to the extent that they seek information that can be obtained from the parties to this case, publicly available sources, or other third parties, including from the parties' experts.

8.      AAP objects to the Requests to the extent they seek information and/or documents that are no longer reasonably obtainable by AAP due to the

passage of time, employee turnover, or because the information is not stored on active systems.

9.      AAP objects to the Requests to the extent that they seek production of confidential or other sensitive information, and to the extent they seek discovery of sensitive non-public information or disclosure of information protected by any confidentiality obligation owed a third party.

10.      AAP objects to the Requests to the extent that they seek the production of information and/or documents that are protected by the attorney-client privilege, the work product doctrine, the joint-defense or common interest privilege, privacy laws (including patient and healthcare privacy laws), any other applicable privilege, protection, or immunity, or that are otherwise exempted from discovery. AAP hereby asserts all applicable privileges and protections to the extent implicated by each Request, whether based on statute or regulation or recognized at common law. In the event that any privileged information and/or document is produced by AAP, its production is inadvertent and does not constitute waiver of any privilege, protection, or immunity.

11.      AAP objects to the Requests to the extent that they seek the production of information and/or documents that are protected by the First Amendment privilege, including but not limited to associational information. *See, e.g.*, *Perry v. Schwarzenegger*, 591 F.3d 1147, 1152 (9th Cir. 2010) (recognizing

that where "discovery would have the practical effect of discouraging the exercise of First Amendment associational rights, the party seeking such discovery must demonstrate a need for the information sufficient to outweigh the impact on those rights").

12.     AAP's objections are made to the best of its knowledge, information, and belief.  AAP reserves the right to revise, correct, clarify, supplement, and/or amend the objections set forth herein, and reserves its right to assert any and all other defenses or objections, including those permitted by the Discovery Rules and the case law.

## OBJECTIONS TO DEFINITIONS

13.     AAP objects to the definitions of "You" and "Your" on the grounds that they are overly broad, vague, ambiguous, and unduly burdensome to the extent they seek production of information from entities other than AAP.   In responding to these Requests, AAP will construe "You" and "Your" to refer to AAP.

14.     AAP objects to the definitions of "Document" and "documents" to the extent that they seek to impose obligations on AAP beyond those imposed by the Discovery Rules and/or seek information or documents not in AAP's possession, custody, or control.

15.     AAP objects to the definition of "Communication" to the extent that it seeks to impose obligations on AAP beyond those imposed by the Discovery Rules

and/or seek information or documents not in AAP's possession, custody, or control.

16.     AAP objects to the definitions of "Gender Affirming Care" as argumentative and/or inaccurate.  However, solely for purposes of responding to the subpoena, AAP will interpret the Requests consistent with the provided Definitions, to the extent that they can be understood.

17.     AAP objects to the definitions of "Members" and "membership" on the grounds that they are overly broad, vague, ambiguous, and unduly burdensome.

## OBJECTIONS TO INSTRUCTIONS

18.     AAP objects to Instruction Nos. 1, 2, 3, and 4 to the extent that they impose obligations that go beyond, or that are otherwise inconsistent with the Discovery Rules.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPICS

**TOPIC NO. 1:**

[T]he Entity's policy position on gender-affirming care for gender dysphoria[.]

**RESPONSE TO TOPIC NO. 1:**

AAP incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  AAP further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of AAP's status as a non-party.  *See Leake*, 231 F.R.D. at 51–52.  AAP further objects to this Request to the extent that it fails to state with particularity the requested information for testimony.  AAP further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrase "policy position" and because it is unbounded by time.  AAP further objects to this Request to the extent that "the Entity's policy position on gender-affirming care for gender dysphoria" speaks for itself.  AAP further objects to the Request to the extent it seeks information subject to a third-party's right of privacy or protection.

Subject to and without waiving the foregoing objections, AAP is willing to meet and confer about this Topic.

**TOPIC NO. 2:**

[A]ny guidelines, standards, best-practices, or policy positions considered or adopted by the Entity for the treatment of gender dysphoria[.]

**RESPONSE TO TOPIC NO. 2:**

AAP incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. AAP further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of AAP's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. AAP further objects to this Request to the extent that it fails to state with particularity the requested information for testimony. AAP further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrases "any guidelines, standards, best-practices, or policy positions" and "considered or adopted," and because it is unbounded by time. AAP further objects to this Request to the extent that "any guidelines, standards, best-practices, or policy positions considered or adopted by the Entity for the treatment of gender dysphoria" speak for themselves. AAP further objects to this Request to the extent that it is duplicative of Topic No. 1.

Subject to and without waiving the foregoing objections, AAP is willing to meet and confer about this Topic.

**TOPIC NO. 3:**

[A]ny side effects and risks associated with the treatments recommended by through a guideline, standard, best-practice, or policy[.]

**RESPONSE TO TOPIC NO. 3:**

AAP incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. AAP further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of AAP's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. AAP further objects to this Request to the extent that it fails to state with particularity the requested information for testimony. AAP further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrases "any side effects and risks," "associated with the treatments," and "guideline, standard, best-practice, or policy," and because it is unbounded by time. AAP further objects to this Request to the extent that it seeks information that is publicly available and therefore equally available to all parties.

Subject to and without waiving the foregoing objections, AAP is willing to meet and confer about this Topic.

**TOPIC NO. 4:**

[H]ow the Entity is organized so that Defendants may determine the process used to adopt (or approve) any guidelines, standards, best-practices, or policy positions concerning the treatment of gender dysphoria[.] [1]

**RESPONSE TO TOPIC NO. 4:**

AAP incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. AAP further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of AAP's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. AAP further objects to this Request to the extent that it fails to state with particularity the requested information for testimony. AAP further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrase "how the entity is organized" and "so that Defendants may determine the process," and because it is unbounded by time. AAP further objects to this Request to the extent that it seeks information that is publicly available and therefore equally available to all parties.

---

[1] The numbering in the original notice of deposition had two topics labeled "(3)." The second of those two topics, and all subsequent topics, have been renumbered.

Subject to and without waiving the foregoing objections, AAP is willing to meet and confer about this Topic.

**TOPIC NO. 5:**

[H]ow many of the Entity's members, if any, voted to support any guidelines, standards, best-practices, or policy positions[.]

**RESPONSE TO TOPIC NO. 5:**

AAP incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. AAP further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of AAP's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. AAP further objects to this Request to the extent that it fails to state with particularity the requested information for testimony. AAP further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrase "voted to support any guidelines, standards, best-practices, or policy positions," and because it is unbounded by time. AAP further objects to this Request to the extent it seeks information that is protected by the First Amendment privilege.

Subject to and without waiving the foregoing objections, AAP is willing to meet and confer about this Topic.

## TOPIC NO. 6:

[W]hy the Entity sought to file an amicus brief in this case.

## RESPONSE TO TOPIC NO. 6:

AAP incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  AAP further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of AAP's status as a non-party.  *See Leake*, 231 F.R.D. at 51–52.  AAP further objects to this Request to the extent that it fails to state with particularity the requested information for testimony.  AAP further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrase "why [AAP] sought to file."  AAP further objects to this Request to the extent it seeks information that is protected by the First Amendment privilege.  AAP further objects to this Request because it calls for documents protected by at least the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, AAP is willing to meet and confer about this Topic.

## SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**:

Any documents that state the total number of your membership.

**RESPONSE TO REQUEST NO. 1:**

AAP incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  AAP further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of AAP's status as a non-party.  *See Leake*, 231 F.R.D. at 51–52.  AAP further objects that this is an interrogatory disguised as a document request.  AAP further objects to this Request to the extent that it seeks documents that are publicly available and therefore equally available to all parties.  AAP further objects to the Request to the extent it seeks information subject to a third-party's right of privacy or protection.

Subject to and without waiving the foregoing objections, AAP directs Defendants to information available online, including on its website.  *See, e.g.*, https://www.aap.org/en/about-the-aap/.

**REQUEST NO. 2:**

Any documents that describe how you establish guidelines, standards, best-practices, or policy positions.

**RESPONSE TO REQUEST NO. 2:**

AAP incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. AAP further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of AAP's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. AAP further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrases "how you establish" and "guidelines, standards, best-practices, or policy positions," and because it is unbounded by time. AAP further objects to this Request to the extent that it seeks documents that are publicly available and therefore equally available to all parties.

Subject to and without waiving the foregoing objections, AAP directs Plaintiffs to the information available online, including on its website. *See, e.g.*, https://downloads.aap.org/AAP/PDF/Const-and-Bylaws-2020.pdf?_ga=2.62103468.1650656677.1669829336-1025446989.1661864354. AAP is willing to meet and confer about what additional responsive documents, if any, AAP may agree to produce.

**REQUEST NO. 3:**

Any documents describing how you established guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria. Any documents and communications showing the individuals or committees that proposed, reviewed, modified, or voted on your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria.

**RESPONSE TO REQUEST NO. 3:**

AAP incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. AAP further objects to this Request as compound, as it appears to encompass two separate document requests. AAP further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of AAP's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. AAP further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrases "describing how you established guidelines, standards, best-practices, or policy positions on gender-affirming care" and "showing the individuals or committees that proposed, reviewed, modified, or voted on your guidelines, standards, best-practices, or policy positions on gender-affirming care," and because it is unbounded by time. AAP further objects to this Request to the extent

17

that it seeks documents that are publicly available and therefore equally available to all parties.  AAP further objects to the Request to the extent it seeks information subject to a third-party's right of privacy or protection.  AAP further objects to this Request to the extent it seeks information that is protected by the First Amendment privilege.  AAP further objects to this Request to the extent that it is duplicative of Request No. 2.

Subject to and without waiving the foregoing objections, AAP directs Defendants to information available online, including on its website.  *See, e.g.*, https://downloads.aap.org/AAP/PDF/Const-and-Bylaws-2020.pdf?_ga=2.62103468.1650656677.1669829336-1025446989.1661864354. AAP is willing to meet and confer about what additional responsive documents, if any, AAP may agree to produce.

**REQUEST NO. 4:**

Any communications with your membership concerning your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria.

**RESPONSE TO REQUEST NO. 4:**

AAP incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  AAP further

objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of AAP's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. AAP further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrase "concerning your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria," and because it is unbounded by time. AAP further objects to the Request to the extent it seeks information subject to a third-party's right of privacy or protection. AAP further objects to this Request to the extent it seeks information that is protected by the First Amendment privilege.

Subject to and without waiving the foregoing objections, AAP is willing to meet and confer about this Request and to discuss what, if any, responsive documents AAP may agree to produce.

**REQUEST NO. 5:**

Any documents and communications detailing your intention to file an amicus brief in *Dekker v. Marstiller*, 4:22-cv-00325-RH-MAF (N.D. Fla.).

**RESPONSE TO REQUEST NO. 5:**

AAP incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. AAP further

19

objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of AAP's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. AAP further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrase "detailing your intention to file." AAP further objects to this Request to the extent it seeks information that is protected by the First Amendment privilege. AAP further objects to this Request because it calls for documents protected by at least the attorney-client privilege and/or the attorney work product doctrine.

AAP will not produce documents in response to this improper Request.


**REQUEST NO. 6:**

Any documents and communications with consultants, federal or Florida government officials, lobbyists, researchers, scholars, members of the public, or any other person relating to gender dysphoria or your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria.

**RESPONSE TO REQUEST NO. 6:**

AAP incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. AAP further objects to this Request on the ground that it seeks information that is neither

relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of AAP's status as a non-party. *See Leake*, 231 F.R.D. at 51–52.  AAP further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrases "or any other person" and "relating to gender dysphoria or your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria," and because it is unbounded by time.  AAP further objects to the Request to the extent it seeks information subject to a third-party's right of privacy or protection.  AAP further objects to this Request to the extent it seeks information that is protected by the First Amendment privilege.

Subject to and without waiving the foregoing objections, AAP is willing to meet and confer about this Request and to discuss what, if any, responsive documents AAP may agree to produce.

**REQUEST NO. 7:**

Any documents and communications showing any side effects and risks associated with the treatments recommended through your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria.

**RESPONSE TO REQUEST NO. 7:**

AAP incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  AAP further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of AAP's status as a non-party.  *See Leake*, 231 F.R.D. at 51–52.  AAP further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrases "showing any side effects and risks," "associated with the treatments," and "your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria," and because it is unbounded by time.  AAP further objects to this Request to the extent that it seeks documents that are publicly available and therefore equally available to all parties.

Subject to and without waiving the foregoing objections, AAP is willing to meet and confer about this Request and to discuss what, if any, responsive documents AAP may agree to produce.

Dated:  December 2, 2022

Respectfully submitted,

*/s/ Cortlin H. Lannin*
Cortlin H. Lannin

Covington & Burling LLP
Salesforce Tower
415 Mission St., Suite 5400
San Francisco, CA 94105
Phone: (415) 591-6000
clannin@cov.com

*Counsel for Non-Party American*
*Academy of Pediatrics*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, certify that copies of the foregoing **American Academy of Pediatrics' Responses and Objections to Rule 45 Subpoena to Testify at a Deposition in a Civil Action and to Produce Documents** were delivered to the following parties by electronic mail:

Mohammad O. Jazil
mjazil@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 S. Monroe St., Suite 500
Tallahassee, FL 32301
(850) 270-5938

Dated:  December 2, 2022

    */s/ Dylan M. Silva*
Dylan M. Silva
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission St., Suite 5400
San Francisco, CA 94105
Phone: (415) 591-7007
dsilva@cov.com