# EXHIBIT U

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

| | |
|---|---|
| AUGUST DEKKER, et al., | No. 4:22-cv-00325-RH-MAF |
| Plaintiffs, | |
| v. | |
| SIMONE MARSTILLER, et al., | |
| Defendants. | |

**WORLD PROFESSIONAL ASSOCIATION FOR TRANSGENDER HEALTH'S RESPONSES AND OBJECTIONS TO RULE 45 SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND TO PRODUCE DOCUMENTS**

Pursuant to Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, non-party World Professional Association for Transgender Health ("WPATH"), through its undersigned counsel, hereby responds and objects to the subpoena for deposition testimony and the production of documents ("Requests") served by Defendants Simone Marstiller and the Agency for Health Care Administration, ("Defendants") in the above-captioned proceeding.

**GENERAL OBJECTIONS**

The following General Objections are incorporated in full into all Specific Objections set forth below:

1.      These responses are made solely for the purpose of this action.  By responding to the Requests, WPATH does not waive any objections that it may have to admission into evidence of these responses or any information and/or documents produced in response to the Requests on any applicable grounds.

2.      WPATH objects to the Requests to the extent that they impose obligations that go beyond, or that are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of the Court, any Order of the Court, or any other applicable law, rule, or order (collectively "Discovery Rules").

3.      WPATH objects to the Requests because the subpoena violates Federal Rule of Civil Procedure 45, as it commands WPATH, an Illinois-based organization, to provide testimony and produce documents in Washington, D.C., more than 100 miles from where WPATH resides.

4.      WPATH objects to the Requests to the extent they seek discovery beyond any relevant, responsive, non-privileged, and non-duplicative information and/or documents in its possession, custody, or control that would be located after a reasonable search proportional to the needs of the case.  WPATH will respond to these Requests in good faith, but observes that the Requests on their face appear to seek information that is not relevant to any party's claims or defenses.  *See, e.g., Boe v. Marshall*, No. 2022 WL 14049505, at *2 (M.D. Ala. Oct. 24, 2022) (finding materials sought from a third party were irrelevant to a similar lawsuit challenging

restrictions on gender-affirming care in the State of Alabama, reasoning that the

"materials are unlikely to reveal or lead to any information that would help resolve

the fundamental issue in this case," the constitutionality of the challenged statute);

*see also North Carolina Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 51–52 (D.D.C.

2005) (holding that "[t]he mere filing of an amicus brief … does not open oneself

to broad discovery demands, nor does it make one's bias, if any, relevant to the

underlying action" and that "imposing such a burden on amici would undoubtedly

discourage entities from making amicus filings at all, so as to avoid subjecting

themselves to severe scrutiny and onerous discovery requests.").

5.     WPATH objects to the Requests as overly broad and unduly

burdensome, particularly the burden of requiring a non-party to respond to multiple

deposition topics and multiple requests for documents, many with multiple sub-

parts, which demand "*[a]ny* Documents" and "*[a]ny* Communications" (emphasis

added) and are unbounded by time or any other limiting criteria.  The cumulative

burden of responding to these Requests is not proportional to the needs of the case,

particularly because WPATH is not a party to the case.  Indeed, "concern for the

unwanted burden thrust upon non-parties is a factor entitled to special weight in

evaluating the balance of competing needs" under Rule 45 of the Federal Rules of

Civil Procedure.  *See, e.g.*, *Va. Dep't of Corrs. v. Jordan*, 921 F.3d 180, 189 (4th

Cir. 2019) (holding that "a more demanding variant of the proportionality analysis"

applies, and that courts "must give the recipient's nonparty status special weight, leading to an even more demanding and sensitive inquiry than the one governing discovery generally.").

6.     WPATH objects to the Requests, and to the definitions and instructions included in the Requests, to the extent that they assume facts and events, include characterizations that are assumed to be accurate, or contain legal conclusions.  By responding to the Requests, WPATH does not admit or concede that any fact, event, characterization, or legal conclusion is correct or accurate, and WPATH reserves the right to contest all assumed facts, events, characterizations, and legal conclusions.

7.     WPATH objects to the Requests, and to the definitions and instructions included in this set of Requests, to the extent that they purport to require that WPATH identify and provide discovery with regard to "any" or similar all-encompassing wording on the grounds that the Requests are individually and collectively overly broad and unduly burdensome and seek discovery not relevant to the parties' claims and defenses nor proportional to the needs of the case.  To the extent that the Requests seek information and/or documents that are not reasonably accessible because they cannot be retrieved or produced without undue burden or cost, WPATH objects because the Requests are overly broad and unduly burdensome.

4

8.     WPATH objects to the Requests to the extent that they seek information that can be obtained from the parties to this case, publicly available sources, or other third parties, including from the parties' experts.

9.     WPATH objects to the Requests to the extent they seek information and/or documents that are no longer reasonably obtainable by WPATH due to the passage of time, employee turnover, or because the information is not stored on active systems.

10.     WPATH objects to the Requests to the extent that they seek production of confidential or other sensitive information, and to the extent they seek discovery of sensitive non-public information or disclosure of information protected by any confidentiality obligation owed a third party.

11.     WPATH objects to the Requests to the extent that they seek the production of information and/or documents that are protected by the attorney-client privilege, the work product doctrine, the joint-defense or common interest privilege, privacy laws (including patient and healthcare privacy laws), any other applicable privilege, protection, or immunity, or that are otherwise exempted from discovery. WPATH hereby asserts all applicable privileges and protections to the extent implicated by each Request, whether based on statute or regulation or recognized at common law. In the event that any privileged information and/or

document is produced by WPATH, its production is inadvertent and does not constitute waiver of any privilege, protection, or immunity.

12.     WPATH objects to the Requests to the extent that they seek the production of information and/or documents that are protected by the First Amendment privilege, including but not limited to associational information. *See, e.g.*, *Perry v. Schwarzenegger*, 591 F.3d 1147, 1152 (9th Cir. 2010) (recognizing that where "discovery would have the practical effect of discouraging the exercise of First Amendment associational rights, the party seeking such discovery must demonstrate a need for the information sufficient to outweigh the impact on those rights").

13.     WPATH's objections are made to the best of its knowledge, information, and belief.   WPATH reserves the right to revise, correct, clarify, supplement, and/or amend the objections set forth herein, and reserves its right to assert any and all other defenses or objections, including those permitted by the Discovery Rules and the case law.

## OBJECTIONS TO DEFINITIONS

14.     WPATH objects to the definitions of "You" and "Your" on the grounds that they are overly broad, vague, ambiguous, and unduly burdensome to the extent they seek production of information from entities other than WPATH.

In responding to these Requests, WPATH will construe "You" and "Your" to refer to WPATH.

15.    WPATH objects to the definitions of "Document" and "documents" to the extent that they seek to impose obligations on WPATH beyond those imposed by the Discovery Rules and/or seek information or documents not in WPATH's possession, custody, or control.

16.    WPATH objects to the definition of "Communication" to the extent that it seeks to impose obligations on WPATH beyond those imposed by the Discovery Rules and/or seek information or documents not in WPATH's possession, custody, or control.

17.    WPATH objects to the definitions of "Gender Affirming Care" as argumentative and/or inaccurate.  However, solely for purposes of responding to the subpoena, WPATH will interpret the Requests consistent with the provided Definitions, to the extent that they can be understood.

18.    WPATH objects to the definitions of "Members" and "membership" on the grounds that they are overly broad, vague, ambiguous, and unduly burdensome.

## OBJECTIONS TO INSTRUCTIONS

19.     WPATH objects to Instruction Nos. 1, 2, 3, and 4 to the extent that they impose obligations that go beyond, or that are otherwise inconsistent with the Discovery Rules.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPICS

**TOPIC NO. 1:**

[T]he Entity's policy position on gender-affirming care for gender dysphoria[.]

**RESPONSE TO TOPIC NO. 1:**

WPATH incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  WPATH further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of WPATH's status as a non-party.  *See Leake*, 231 F.R.D. at 51–52.  WPATH further objects to this Request to the extent that it fails to state with particularity the requested information for testimony.  WPATH further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrase "policy position" and because it is unbounded by time.  WPATH further objects to this Request to the extent that "the Entity's policy position on gender-affirming care for gender dysphoria" speaks for itself.  WPATH further objects to the Request to the extent it seeks information subject to a third-party's right of privacy or protection.

Subject to and without waiving the foregoing objections, WPATH is willing to meet and confer about this Topic.

**TOPIC NO. 2:**

[A]ny guidelines, standards, best-practices, or policy positions considered or adopted by the Entity for the treatment of gender dysphoria[.]

**RESPONSE TO TOPIC NO. 2:**

WPATH incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. WPATH further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of WPATH's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. WPATH further objects to this Request to the extent that it fails to state with particularity the requested information for testimony. WPATH further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrases "any guidelines, standards, best-practices, or policy positions" and "considered or adopted," and because it is unbounded by time. WPATH further objects to this Request to the extent that "any guidelines, standards, best-practices, or policy positions considered or adopted by the Entity for the treatment of gender dysphoria" speak for themselves. WPATH further objects to this Request to the extent that it is duplicative of Topic No. 1.

Subject to and without waiving the foregoing objections, WPATH is willing to meet and confer about this Topic.

**TOPIC NO. 3:**

[A]ny side effects and risks associated with the treatments recommended by through a guideline, standard, best-practice, or policy[.]

**RESPONSE TO TOPIC NO. 3:**

WPATH incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. WPATH further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of WPATH's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. WPATH further objects to this Request to the extent that it fails to state with particularity the requested information for testimony. WPATH further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrases "any side effects and risks," "associated with the treatments," and "guideline, standard, best-practice, or policy," and because it is unbounded by time. WPATH further objects to this Request to the extent that it seeks information that is publicly available and therefore equally available to all parties.

Subject to and without waiving the foregoing objections, WPATH is willing to meet and confer about this Topic.

**TOPIC NO. 4:**

[H]ow the Entity is organized so that Defendants may determine the process used to adopt (or approve) any guidelines, standards, best-practices, or policy positions concerning the treatment of gender dysphoria[.][1]

**RESPONSE TO TOPIC NO. 4:**

WPATH incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. WPATH further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of WPATH's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. WPATH further objects to this Request to the extent that it fails to state with particularity the requested information for testimony. WPATH further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrase "how the entity is organized" and "so that Defendants may determine the process," and because it is unbounded by time. WPATH further objects to this Request to the extent that it seeks information that is publicly available and therefore equally available to all parties.

---

[1] The numbering in the original notice of deposition had two topics labeled "(3)." The second of those two topics, and all subsequent topics, have been renumbered.

Subject to and without waiving the foregoing objections, WPATH is willing to meet and confer about this Topic.

## TOPIC NO. 5:

[H]ow many of the Entity's members, if any, voted to support any guidelines, standards, best-practices, or policy positions[.]

## RESPONSE TO TOPIC NO. 5:

WPATH incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. WPATH further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of WPATH's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. WPATH further objects to this Request to the extent that it fails to state with particularity the requested information for testimony. WPATH further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrase "voted to support any guidelines, standards, best-practices, or policy positions," and because it is unbounded by time. WPATH further objects to this Request to the extent it seeks information that is protected by the First Amendment privilege.

Subject to and without waiving the foregoing objections, WPATH is willing to meet and confer about this Topic.

**TOPIC NO. 6:**

[W]hy the Entity sought to file an amicus brief in this case.

**RESPONSE TO TOPIC NO. 6:**

WPATH incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. WPATH further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of WPATH's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. WPATH further objects to this Request to the extent that it fails to state with particularity the requested information for testimony. WPATH further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrase "why [WPATH] sought to file." WPATH further objects to this Request to the extent it seeks information that is protected by the First Amendment privilege. WPATH further objects to this Request because it calls for documents protected by at least the attorney-client privilege and/or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, WPATH is willing to meet and confer about this Topic.

## SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**:

Any documents that state the total number of your membership.

**RESPONSE TO REQUEST NO. 1:**

WPATH incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. WPATH further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of WPATH's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. WPATH further objects that this is an interrogatory disguised as a document request. WPATH further objects to this Request to the extent that it seeks documents that are publicly available and therefore equally available to all parties. WPATH further objects to the Request to the extent it seeks information subject to a third-party's right of privacy or protection.

Subject to and without waiving the foregoing objections, WPATH directs Defendants to information available online, including on its website. *See, e.g.*, https://www.wpath.org/member/search/results?showAll=1.

**REQUEST NO. 2:**

Any documents that describe how you establish guidelines, standards, best-practices, or policy positions.

**RESPONSE TO REQUEST NO. 2:**

WPATH incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. WPATH further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of WPATH's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. WPATH further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrases "how you establish" and "guidelines, standards, best-practices, or policy positions," and because it is unbounded by time. WPATH further objects to this Request to the extent that it seeks documents that are publicly available and therefore equally available to all parties.

Subject to and without waiving the foregoing objections, WPATH directs Plaintiffs to the information available online, including on its website. *See, e.g.*, https://www.wpath.org/soc8/Methodology. WPATH is willing to meet and confer about what additional responsive documents, if any, WPATH may agree to produce.

**REQUEST NO. 3:**

Any documents describing how you established guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria. Any documents and communications showing the individuals or committees that proposed, reviewed, modified, or voted on your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria.

**RESPONSE TO REQUEST NO. 3:**

WPATH incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. WPATH further objects to this Request as compound, as it appears to encompass two separate document requests. WPATH further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of WPATH's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. WPATH further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrases "describing how you established guidelines, standards, best-practices, or policy positions on gender-affirming care" and "showing the individuals or committees that proposed, reviewed, modified, or voted on your guidelines, standards, best-practices, or policy positions on gender-affirming care," and because it is unbounded by time. WPATH further objects to this Request to

the extent that it seeks documents that are publicly available and therefore equally available to all parties.  WPATH further objects to the Request to the extent it seeks information subject to a third-party's right of privacy or protection.  WPATH further objects to this Request to the extent it seeks information that is protected by the First Amendment privilege.  WPATH further objects to this Request to the extent that it is duplicative of Request No. 2.

Subject to and without waiving the foregoing objections, WPATH directs Defendants to information available online, including on its website.  *See, e.g.*, https://www.wpath.org/media/cms/Documents/SOC%20v8/SOC8%20Full%20Contributor%20List%20-%20FINAL%20UPDATED%202222.pdf; see also https://www.wpath.org/soc8/Chairs-Evidence-Leads.  WPATH is willing to meet and confer about what additional responsive documents, if any, WPATH may agree to produce.

**REQUEST NO. 4:**

Any communications with your membership concerning your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria.

**RESPONSE TO REQUEST NO. 4:**

WPATH incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. WPATH further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of WPATH's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. WPATH further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrase "concerning your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria," and because it is unbounded by time. WPATH further objects to the Request to the extent it seeks information subject to a third-party's right of privacy or protection. WPATH further objects to this Request to the extent it seeks information that is protected by the First Amendment privilege.

Subject to and without waiving the foregoing objections, WPATH is willing to meet and confer about this Request and to discuss what, if any, responsive documents WPATH may agree to produce.

**REQUEST NO. 5:**

Any documents and communications detailing your intention to file an amicus brief in *Dekker v. Marstiller*, 4:22-cv-00325-RH-MAF (N.D. Fla.).

**RESPONSE TO REQUEST NO. 5:**

WPATH incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. WPATH further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of WPATH's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. WPATH further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrase "detailing your intention to file." WPATH further objects to this Request to the extent it seeks information that is protected by the First Amendment privilege. WPATH further objects to this Request because it calls for documents protected by at least the attorney-client privilege and/or the attorney work product doctrine.

WPATH will not produce documents in response to this improper Request.

**REQUEST NO. 6:**

Any documents and communications with consultants, federal or Florida government officials, lobbyists, researchers, scholars, members of the public, or any other person relating to gender dysphoria or your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria.

**RESPONSE TO REQUEST NO. 6:**

WPATH incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. WPATH further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of WPATH's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. WPATH further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrases "or any other person" and "relating to gender dysphoria or your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria," and because it is unbounded by time. WPATH further objects to the Request to the extent it seeks information subject to a third-party's right of privacy or protection. WPATH further objects to this Request to the extent it seeks information that is protected by the First Amendment privilege.

Subject to and without waiving the foregoing objections, WPATH is willing to meet and confer about this Request and to discuss what, if any, responsive documents WPATH may agree to produce.

**REQUEST NO. 7:**

Any documents and communications showing any side effects and risks associated with the treatments recommended through your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria.

**RESPONSE TO REQUEST NO. 7:**

WPATH incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. WPATH further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of WPATH's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. WPATH further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrases "showing any side effects and risks," "associated with the treatments," and "your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria," and because it is unbounded by time. WPATH further objects to this

Request to the extent that it seeks documents that are publicly available and therefore equally available to all parties.

Subject to and without waiving the foregoing objections, WPATH is willing to meet and confer about this Request and to discuss what, if any, responsive documents WPATH may agree to produce.

Dated:  December 2, 2022        Respectfully submitted,

/s/ Cortlin H. Lannin
Cortlin H. Lannin

Covington & Burling LLP
Salesforce Tower
415 Mission St., Suite 5400
San Francisco, CA 94105
Phone: (415) 591-6000
clannin@cov.com

Counsel for Non-Party World
Professional Association for
Transgender Health

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned, certify that copies of the foregoing **World Professional Association for Transgender Health's Responses and Objections to Rule 45 Subpoena to Testify at a Deposition in a Civil Action and to Produce Documents** were delivered to the following parties by electronic mail:

Mohammad O. Jazil
mjazil@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 S. Monroe St., Suite 500
Tallahassee, FL 32301
(850) 270-5938

Dated:  December 2, 2022

   */s/ Dylan M. Silva*
Dylan M. Silva
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission St., Suite 5400
San Francisco, CA 94105
Phone: (415) 591-7007
dsilva@cov.com