# EXHIBIT V

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

AUGUST DEKKER, et al.,

 Plaintiffs,

v.

SIMONE MARSTILLER, et al.,

 Defendants.

No. 4:22-cv-00325-RH-MAF

## NON-PARTY GROUPS' RESPONSES AND OBJECTIONS TO RULE 45 SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, non-party groups Academic Pediatric Association, American Academy of Child & Adolescent Psychiatry, American Academy of Family Physicians, American Academy of Nursing, American College of Obstetricians and Gynecologists, American College of Osteopathic Pediatricians, American College of Physicians, American Medical Association, American Pediatric Society, American Psychiatric Association, Association of American Medical Colleges, Florida Chapter of the American Academy of Pediatrics, National Association of Pediatric Nurse Practitioners, North Central Florida Council of Child & Adolescent Psychiatry, Pediatric Endocrine Society, Societies for Pediatric Urology, Society for Adolescent Health and Medicine, Society for Pediatric Research, and Society of

Pediatric Nurses (individually, "Non-Party Group"; together, "Non-Party Groups"), through each of their undersigned counsel, hereby respond and object to the subpoena for the production of documents ("Requests") served by Defendants Simone Marstiller and the Agency for Health Care Administration ("Defendants"), in the above-captioned proceeding.

## GENERAL OBJECTIONS

The following General Objections are incorporated in full into all Specific Objections set forth below:

1. These responses are made solely for the purpose of this action. By responding to the Requests, each Non-Party Group does not waive any objections that it may have to admission into evidence of these responses or any information and/or documents produced in response to the Requests on any applicable grounds.

2. Each Non-Party Group objects to the Requests to the extent that they impose obligations that go beyond, or that are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of the Court, any Order of the Court, or any other applicable law, rule, or order (collectively "Discovery Rules").

3. Each Non-Party Group objects to the Requests to the extent that the subpoena would violate Federal Rule of Civil Procedure 45 by commanding it to produce documents more than 100 miles from where it resides.

2

4.     Each Non-Party Group objects to the Requests to the extent they seek discovery beyond any relevant, responsive, non-privileged, and non-duplicative information and/or documents in their possession, custody, or control that would be located after a reasonable search proportional to the needs of the case.  Each Non-Party Group will respond to these Requests in good faith, but observes that the Requests on their face appear to seek information that is not relevant to any party's claims or defenses.  *See, e.g., Boe v. Marshall*, No. 2022 WL 14049505, at *2 (M.D. Ala. Oct. 24, 2022) (finding materials sought from a third party were irrelevant to a similar lawsuit challenging restrictions on gender-affirming care in the State of Alabama, reasoning that the "materials are unlikely to reveal or lead to any information that would help resolve the fundamental issue in this case," the constitutionality of the challenged statute); *see also North Carolina Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 51–52 (D.D.C. 2005) (holding that "[t]he mere filing of an amicus brief … does not open oneself to broad discovery demands, nor does it make one's bias, if any, relevant to the underlying action" and that "imposing such a burden on amici would undoubtedly discourage entities from making amicus filings at all, so as to avoid subjecting themselves to severe scrutiny and onerous discovery requests.").

5.     Each Non-Party Group objects to the Requests as overly broad and unduly burdensome, particularly the burden of requiring a non-party to respond to

3

multiple requests for documents, many with multiple sub-parts, which demand "*[a]ny* Documents" and "*[a]ny* Communications" (emphasis added) and are unbounded by time or any other limiting criteria. The cumulative burden of responding to these Requests is not proportional to the needs of the case, particularly because each Non-Party Group is not a party to the case. Indeed, "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs" under Rule 45 of the Federal Rules of Civil Procedure. *See, e.g.*, *Va. Dep't of Corrs. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (holding that "a more demanding variant of the proportionality analysis" applies, and that courts "must give the recipient's nonparty status special weight, leading to an even more demanding and sensitive inquiry than the one governing discovery generally.").

6. Each Non-Party Group objects to the Requests, and to the definitions and instructions included in the Requests, to the extent that they assume facts and events, include characterizations that are assumed to be accurate, or contain legal conclusions. By responding to the Requests, each Non-Party Group does not admit or concede that any fact, event, characterization, or legal conclusion is correct or accurate, and each Non-Party Group reserves the right to contest all assumed facts, events, characterizations, and legal conclusions.

7.  Each Non-Party Group objects to the Requests, and to the definitions and instructions included in this set of Requests, to the extent that they purport to require that each Non-Party Group identify and provide discovery with regard to "any" or similar all-encompassing wording on the grounds that the Requests are individually and collectively overly broad and unduly burdensome and seek discovery not relevant to the parties' claims and defenses nor proportional to the needs of the case. To the extent that the Requests seek information and/or documents that are not reasonably accessible because they cannot be retrieved or produced without undue burden or cost, each Non-Party Group objects because the Requests are overly broad and unduly burdensome.

8.  Each Non-Party Group objects to the Requests to the extent that they seek information that can be obtained from the parties to this case, publicly available sources, or other third parties, including from the parties' experts.

9.  Each Non-Party Group objects to the Requests to the extent they seek information and/or documents that are no longer reasonably obtainable by each Non-Party Group due to the passage of time, employee turnover, or because the information is not stored on active systems.

10. Each Non-Party Group objects to the Requests to the extent that they seek production of confidential or other sensitive information, and to the extent

5

they seek discovery of sensitive non-public information or disclosure of information protected by any confidentiality obligation owed a third party.

11.     Each Non-Party Group objects to the Requests to the extent that they seek the production of information and/or documents that are protected by the attorney-client privilege, the work product doctrine, the joint-defense or common interest privilege, privacy laws (including patient and healthcare privacy laws), any other applicable privilege, protection, or immunity, or that are otherwise exempted from discovery. Each Non-Party Group hereby asserts all applicable privileges and protections to the extent implicated by each Request, whether based on statute or regulation or recognized at common law. In the event that any privileged information and/or document is produced by a Non-Party Group, its production is inadvertent and does not constitute waiver of any privilege, protection, or immunity.

12.     Each Non-Party Group objects to the Requests to the extent that they seek the production of information and/or documents that are protected by the First Amendment privilege, including but not limited to associational information. *See, e.g.*, *Perry v. Schwarzenegger*, 591 F.3d 1147, 1152 (9th Cir. 2010) (recognizing that where "discovery would have the practical effect of discouraging the exercise of First Amendment associational rights, the party seeking such discovery must

6

demonstrate a need for the information sufficient to outweigh the impact on those rights").

13. Each Non-Party Group's objections are made to the best of its knowledge, information, and belief. Each Non-Party Group reserves the right to revise, correct, clarify, supplement, and/or amend the objections set forth herein, and reserves its right to assert any and all other defenses or objections, including those permitted by the Discovery Rules and the case law.

## OBJECTIONS TO DEFINITIONS

14. Each Non-Party Group objects to the definitions of "You" and "Your" on the grounds that they are overly broad, vague, ambiguous, and unduly burdensome to the extent they seek production of information from entities other than the Non-Party Group. In responding to these Requests, each Non-Party Group will construe "You" and "Your" to refer to Non-Party Groups.

15. Each Non-Party Group objects to the definitions of "Document" and "documents" to the extent that they seek to impose obligations on each Non-Party Group beyond those imposed by the Discovery Rules and/or seek information or documents not in each Non-Party Group's possession, custody, or control.

16. Each Non-Party Group objects to the definition of "Communication" to the extent that it seeks to impose obligations on each Non-Party Group beyond

7

those imposed by the Discovery Rules and/or seek information or documents not in each Non-Party Group's possession, custody, or control.

17. Each Non-Party Group objects to the definitions of "Gender Affirming Care" as argumentative and/or inaccurate. However, solely for purposes of responding to the subpoena, each Non-Party Group will interpret the Requests consistent with the provided Definitions, to the extent that they can be understood.

18. Each Non-Party Group objects to the definitions of "Members" and "membership" on the grounds that they are overly broad, vague, ambiguous, and unduly burdensome.

## OBJECTIONS TO INSTRUCTIONS

19. Each Non-Party Group objects to Instruction Nos. 1, 2, 3, and 4 to the extent that they impose obligations that go beyond, or that are otherwise inconsistent with the Discovery Rules.

# SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**:

Any documents that state the total number of your membership.

**RESPONSE TO REQUEST NO. 1:**

Each Non-Party Group incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Each Non-Party Group further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of each Non-Party Group's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. Each Non-Party Group further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrase "total number of your membership," and because it is unbounded by time. Each Non-Party Group further objects that this is an interrogatory disguised as a document request. Each Non-Party Group further objects to this Request to the extent that it seeks documents that are publicly available and therefore equally available to all parties. Each Non-Party Group further objects to the Request to the extent it seeks information subject to a third-party's right of privacy or protection.

Subject to and without waiving the foregoing objections, each Non-Party Group is willing to meet and confer about this Request and to discuss what, if any, responsive documents each Non-Party Group may agree to produce.

**REQUEST NO. 2:**

Any documents that describe how you establish guidelines, standards, best-practices, or policy positions.

**RESPONSE TO REQUEST NO. 2:**

Each Non-Party Group incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Each Non-Party Group further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of each Non-Party Group's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. Each Non-Party Group further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrases "how you establish" and "guidelines, standards, best-practices, or policy positions," and because it is unbounded by time. Each Non-Party Group further objects to this Request to the extent that it seeks documents that are publicly available and therefore equally available to all parties.

Subject to and without waiving the foregoing objections, each Non-Party Group is willing to meet and confer about this Request and to discuss what, if any, responsive documents each Non-Party Group may agree to produce.

**REQUEST NO. 3:**

Any documents describing how you established guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria. Any documents and communications showing the individuals or committees that proposed, reviewed, modified, or voted on your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria.

**RESPONSE TO REQUEST NO. 3:**

Each Non-Party Group incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Each Non-Party Group further objects to this Request as compound, as it appears to encompass two separate document requests. Each Non-Party Group further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of each Non-Party Group's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. Each Non-Party Group further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrases "describing how you established guidelines, standards, best-practices, or

11

policy positions on gender-affirming care" and "showing the individuals or committees that proposed, reviewed, modified, or voted on your guidelines, standards, best-practices, or policy positions on gender-affirming care," and because it is unbounded by time. Each Non-Party Group further objects to this Request to the extent that it seeks documents that are publicly available and therefore equally available to all parties. Each Non-Party Group further objects to the Request to the extent it seeks information subject to a third-party's right of privacy or protection. Each Non-Party Group further objects to this Request to the extent it seeks information that is protected by the First Amendment privilege. Each Non-Party Group further objects to this Request to the extent that it is duplicative of Request No. 2.

   Subject to and without waiving the foregoing objections, each Non-Party Group is willing to meet and confer about this Request and to discuss what, if any, responsive documents each Non-Party Group may agree to produce.

**REQUEST NO. 4:**

Any communications with your membership concerning your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria.

**RESPONSE TO REQUEST NO. 4:**

Each Non-Party Group incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Each Non-Party Group further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of each Non-Party Group's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. Each Non-Party Group further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrase "concerning your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria," and because it is unbounded by time. Each Non-Party Group further objects to the Request to the extent it seeks information subject to a third-party's right of privacy or protection. Each Non-Party Group further objects to this Request to the extent it seeks information that is protected by the First Amendment privilege.

Subject to and without waiving the foregoing objections, each Non-Party Group is willing to meet and confer about this Request and to discuss what, if any, responsive documents each Non-Party Group may agree to produce.

**REQUEST NO. 5:**

Any documents and communications detailing your intention to file an amicus brief in *Dekker v. Marstiller*, 4:22-cv-00325-RH-MAF (N.D. Fla.).

**RESPONSE TO REQUEST NO. 5:**

Each Non-Party Group incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Each Non-Party Group further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of each Non-Party Group's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. Each Non-Party Group further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrase "detailing your intention to file." Each Non-Party Group further objects to this Request to the extent it seeks information that is protected by the First Amendment privilege. Each Non-Party Group further objects to this Request because it calls for documents protected by at least the attorney-client privilege and/or the attorney work product doctrine.

The Non-Party Groups will not produce documents in response to this improper Request.

**REQUEST NO. 6:**

Any documents and communications with consultants, federal or Florida government officials, lobbyists, researchers, scholars, members of the public, or any other person relating to gender dysphoria or your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria.

**RESPONSE TO REQUEST NO. 6:**

Each Non-Party Group incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Each Non-Party Group further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of each Non-Party Group's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. Each Non-Party Group further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrases "or any other person" and "relating to gender dysphoria or your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria," and because it is unbounded by time. Each Non-Party Group further objects to the Request to the

15

extent it seeks information subject to a third-party's right of privacy or protection. Each Non-Party Group further objects to this Request to the extent it seeks information that is protected by the First Amendment privilege.

Subject to and without waiving the foregoing objections, each Non-Party Group is willing to meet and confer about this Request and to discuss what, if any, responsive documents each Non-Party Group may agree to produce.

**REQUEST NO. 7:**

Any documents and communications showing any side effects and risks associated with the treatments recommended through your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria.

**RESPONSE TO REQUEST NO. 7:**

Each Non-Party Group incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Each Non-Party Group further objects to this Request on the ground that it seeks information that is neither relevant to any claim or defense in this case nor proportional to the needs of the case, particularly in light of each Non-Party Group's status as a non-party. *See Leake*, 231 F.R.D. at 51–52. Each Non-Party Group further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome, particularly as to the phrases "showing any side effects and

16

risks," "associated with the treatments," and "your guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria," and because it is unbounded by time. Each Non-Party Group further objects to this Request to the extent that it seeks documents that are publicly available and therefore equally available to all parties.

    Subject to and without waiving the foregoing objections, each Non-Party Group is willing to meet and confer about this Request and to discuss what, if any, responsive documents each Non-Party Group may agree to produce.

Dated: December 19, 2022

Respectfully submitted,

*/s/ Cortlin H. Lannin*
Cortlin H. Lannin

Covington & Burling LLP
Salesforce Tower
415 Mission St., Suite 5400
San Francisco, CA 94105
Phone: (415) 591-6000
clannin@cov.com

*Counsel for Non-Party Groups Academic Pediatric Association, American Academy of Child & Adolescent Psychiatry, American Academy of Family Physicians, American Academy of Nursing, American College of Obstetricians and Gynecologists, American College of Osteopathic Pediatricians, American College of Physicians, American Medical Association, American Pediatric Society, American Psychiatric Association, Association of American Medical Colleges, Florida Chapter of the American Academy of Pediatrics, National Association of Pediatric Nurse Practitioners, North Central Florida Council of Child & Adolescent Psychiatry, Pediatric Endocrine Society, Societies for Pediatric Urology, Society for Adolescent Health and Medicine, Society for Pediatric Research, and Society of Pediatric Nurses*

18

## CERTIFICATE OF SERVICE

I, the undersigned, certify that copies of the foregoing **Non-Party Groups' Responses and Objections to Rule 45 Subpoena to Produce Documents** were delivered to the following parties by electronic mail:

Mohammad O. Jazil
mjazil@holtzmanvogel.com
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 S. Monroe St., Suite 500
Tallahassee, FL 32301
(850) 270-5938


Dated: December 19, 2022

                                        __*/s/ Dylan M. Silva*_____
                                        Dylan M. Silva
                                        COVINGTON & BURLING LLP
                                        Salesforce Tower
                                        415 Mission St., Suite 5400
                                        San Francisco, CA 94105
                                        Phone: (415) 591-7007
                                        dsilva@cov.com