# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENAS SERVED ON AMERICAN ACADEMY OF PEDIATRICS, et al., | Misc. Case No. _____ |
| | Case: 1:23-mc-00004<br>Assigned To : Nichols, Carl J.<br>Assign. Date : 1/13/2023<br>Description: Misc. |
| AUGUST DEKKER, et al.,<br><br>       Plaintiffs,<br>v.<br><br>JASON WEIDA, et al.,<br><br>       Defendants. | Northern District of Florida<br>Case No. 4:22-cv-325-RH-MAF |

## DECLARATION OF CORTLIN H. LANNIN IN SUPPORT OF JOINT MOTION OF NONPARTY GROUPS TO QUASH RULE 45 SUBPOENAS AND FOR FEES

I, Cortlin H. Lannin, hereby declare as follows:

1.      I am an attorney in the law firm of Covington & Burling LLP, counsel for American Academy of Pediatrics ("AAP"), World Professional Association for Transgender Health ("WPATH"), Endocrine Society, American Academy of Child & Adolescent Psychiatry, American Academy of Family Physicians, American Academy of Nursing, American College of Obstetricians and Gynecologists, American College of Physicians, American Medical Association, American Pediatric Society, American Psychiatric Association, Association of American Medical Colleges, National Association of Pediatric Nurse Practitioners, North Central Florida Council of Child & Adolescent Psychiatry, Societies for Pediatric Urology, Society for Adolescent Health and Medicine, Society for Pediatric Research, and Society of Pediatric Nurses (collectively, the "Nonparty Groups").  The matters set forth herein are true and correct of my

own personal knowledge and, if called as a witness, I could and would testify competently thereto.

2.      Attached hereto as **Exhibit 1** is a true and correct copy of the Complaint filed by Plaintiffs on September 7, 2022 in the case of *Dekker v. Weida*, No. 4:22-cv-325-RH-MAF (N.D. Fla.).

3.      Attached hereto as **Exhibit 2** is a true and correct copy of the Motion for Leave to File *Amicus* Brief filed by the Nonparty Groups on September 27, 2022 in the case of *Dekker v. Weida*.

4.      Attached hereto as **Exhibit 3** is a true and correct copy of the proposed *Amicus* Brief filed by the Nonparty Groups on September 27, 2022 in the case of *Dekker v. Weida*.

5.      Attached hereto as **Exhibit 4** is a true and correct copy of the Opposition to Nonparty Groups' Motion for Leave To File *Amicus* Brief filed by the State of Florida on September 27, 2022 in the case of *Dekker v. Weida*.

6.      Attached hereto as **Exhibit 5** is a true and correct copy of the Order Denying Leave to File *Amicus* Brief entered by the District Court on October 3, 2022 in the case of *Dekker v. Weida*.

7.      Attached hereto as **Exhibit 6** is a true and correct copy of the Order Denying a Preliminary Injunction entered by the District Court on October 24, 2022 in the case of *Dekker v. Weida*.

8.      Attached hereto as **Exhibit 7** is a true and correct copy of the Transcript of the October 12, 2022 Hearing on Plaintiffs' Motion for Preliminary Injunction in the case of *Dekker v. Weida*.

9.      Attached hereto as **Exhibit 8** is a true and correct copy of the Transcript of the October 14, 2022 Hearing on Nonparty Eagle Forum of Alabama's Motion to Quash in the case of *Eknes-Tucker v. Ivey*, No. 2:22-cv-00184-LCB (M.D. Ala.).

10.     Attached hereto as **Exhibit 12** is a true and correct copy of the Redacted Opposition to Motion for Preliminary Injunction and Incorporated Memorandum of Law filed by the State of Florida on October 3, 2022 in the case of *Dekker v. Weida*.

11.     After serving Responses and Objections to the State's subpoenas on behalf of the Nonparty Groups, my colleagues and I engaged in good-faith meet-and-confer discussions with the State in an attempt to narrow the subpoenas.  These meet-and-confer discussions occurred via teleconference on December 12, 2022, December 22, 2022, and January 10, 2023.

12.     Attached hereto as **Exhibit 9** is a true and correct copy of the parties' correspondence via email regarding the meet-and-confer discussion on December 12, 2022.

13.     Attached hereto as **Exhibit 10** is a true and correct copy of the parties' correspondence via email regarding the meet-and-confer discussion on December 22, 2022.

14.     Attached hereto as **Exhibit 11** is a true and correct copy of the parties' correspondence via email regarding the meet-and-confer discussion on January 10, 2022.

15.     During the December 12, 2022 teleconference, the Nonparty Groups expressed concerns about the relevance of the information requested, as well as the burdens associated with complying with the subpoenas as drafted and the First Amendment concerns raised with such compliance.

16.     On December 13, 2022, counsel for the State sent an email offering to accept publicly-available information with respect to document Request No. 1; to withdraw document

Request No. 5; and to narrow document Request No. 6 to communications only between the Nonparty Groups and federal and/or Florida government officials. *See also* **Exhibit 9**.

17.     At a subsequent meet-and-confer teleconference on December 22, 2022, counsel for the State requested "more substantive" documents than those already publicly available with respect to Requests No. 2, 3, 4, and 7. Counsel for the State also proposed withdrawing the deposition requests as to AAP, WPATH, and Endocrine Society, and the document requests as to the remaining Nonparty Groups (but not AAP, WPATH, and Endocrine Society), if each Nonparty Group submitted a sworn declaration attesting to a list of six topics identified by the State:

   a.   How many members are in their organizations;

   b.   What subset of the membership sets their policies, guidelines, and standards of care and how;

   c.   What subset of the membership set their policies, guidelines, and standards of care on gender-affirming care for gender dysphoria;

   d.   Of the individuals responsible for setting their policies, guidelines, and standards of care on gender-affirming care for gender dysphoria, how many of those individuals dissented from the policies, guidelines, and standards of care on gender-affirming care for gender dysphoria and why;

   e.   How many members in the organizations as a whole dissented from the organizations' policies, guidelines, and standards of care on gender-affirming care for gender dysphoria and did these members suggest any alternatives (and if so what were they); and

      f.   What side effects of gender-affirming care for gender dysphoria were these organizations aware of when they developed their policies, guidelines, and standards of care on gender-affirming care for gender dysphoria.

*See* **Exhibit 10**.

18.     On January 10, 2022, the parties participated in a final meet-and-confer teleconference, during which counsel for the Nonparty Groups explained that the above-referenced concerns remained even after the narrowing of the subpoenas and the State's proposal to withdraw certain discovery in favor of sworn declarations from each Nonparty Group.  The Nonparty Groups offered to produce the medical studies cited in both WPATH's and Endocrine Society's clinical guidelines.  Counsel for the State rejected this compromise and confirmed impasse.

19.     On January 11, 2022, counsel for the Nonparty Groups advised the State that the Nonparty Groups intended to file a motion to quash and a motion to seal associated declarations. In response, the State indicated that it would oppose the motion to quash.  The State also represented that it would not oppose the motion to seal.  *See* **Exhibit 11**.

I declare under penalty of perjury that the foregoing is true and correct.  This declaration is executed this 12th day of January, 2023, in San Francisco, California.

_____
Cortlin H. Lannin