# EXHIBIT 9

| | |
|---|---|
| **From:** | Silva, Dylan |
| **To:** | MedicalAmici |
| **Subject:** | FW: Dekker v. Marstiller Notice of Non-Party Subpoenas |
| **Date:** | Tuesday, December 13, 2022 4:55:05 PM |

FYI

**From:** Michael Beato <mbeato@HoltzmanVogel.com>
**Sent:** Tuesday, December 13, 2022 1:23 PM
**To:** Lannin, Cortlin <clannin@cov.com>; Silva, Dylan <DSilva@cov.com>
**Cc:** Gary V. Perko <gperko@HoltzmanVogel.com>; Zack Bennington <zbennington@HoltzmanVogel.com>
**Subject:** Dekker v. Marstiller Notice of Non-Party Subpoenas

**[EXTERNAL]**
Counsel,

Thank you for the good-faith discovery conversation yesterday. During our discussion, we addressed the three subpoenas duces tecum for depositions of WPATH, ES, and AAP.

Specifically, we discussed the relevancy of our requests: in our case, the district court stated that the main issue is "whether, based on current medical knowledge," it was "reasonable" for Florida to "determine[e] that" certain treatments for gender dysphoria—puberty blockers, cross-sex hormones, surgeries, treatments that change primary and secondary sex characteristics—are "experimental." ECF No. 64 at 4. Thus, our discovery requests to these organizations are directly relevant to the main issue in the case.

We also discussed the specific discovery requests themselves.

- For Request 1, we are satisfied with your responses.
- For Request 2, we will take another look at the links you have provided in response to this request.
- For Request 3, we will take another look at the links you have provided in response to this request.
- For Request 4, you will consider the production of any communications with the organizations' membership concerning their guidelines, standards, best-practices, or policy positions on gender-affirming care for gender dysphoria. As we discussed during our conversation, we are looking for how the organizations communicated its guidelines, standards, best-practices, or policy positions on gender-affirming care to its members.
- For Request 5, we understand your position on this request.
- For Request 6, we will limit the request to any documents and communications with federal or Florida government officials relating to gender dysphoria or the organizations' guidelines, standards, best-practices, or policy positions on gender-affirming care.
- For Request 7, we stated that we are looking for whether the organizations know of the side effects and risks of their guidelines, standards, best-practices, or policy positions on gender-affirming care.

We also asked for deposition dates and times for representatives from WPATH, ES, and AAP.

And, as a final note, we mentioned that fact discovery ends on **Feb. 14, 2023**.

Again, we appreciate the efforts to resolve this discovery matter.

**Michael Beato**
Office: **(850) 354-5645**
mbeato@HoltzmanVogel.com // www.HoltzmanVogel.com



PRIVILEGED AND CONFIDENTIAL
This communication and any accompanying documents are confidential and privileged.  They are intended for the sole use of the addressee.  If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon this communication is strictly prohibited.  Moreover, any such disclosure shall not compromise or waive the attorney-client, accountant-client, or other privileges as to this communication or otherwise.  If you have received this communication in error, please contact me at the above email address.  Thank you.

DISCLAIMER
Any accounting, business or tax advice contained in this communication, including attachments and enclosures, is not intended as a thorough, in-depth analysis of specific issues, nor a substitute for a formal opinion, nor is it sufficient to avoid tax-related penalties.  If desired, Holtzman Vogel, PLLC would be pleased to perform the requisite research and provide you with a detailed written analysis.  Such an engagement may be the subject of a separate engagement letter that would define the scope and limits of the desired consultation services.