IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENAS SERVED ON:<br><br>AMERICAN ACADEMY OF PEDIATRICS, et al., | Misc. Case No. 23-MC-00004 |
| AUGUST DEKKER, et al.,<br><br>   *Plaintiffs*,<br>v.<br><br>JASON WEIDA, et al.,<br><br>   *Defendants*. | Northern District of Florida<br>Case No. 4:22-cv-325-RH-MAF |

**MOTION OF AUGUST DEKKER, BRIT ROTHSTEIN, SUSAN DOE, AND K.F. FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF NON-PARTY GROUPS' JOINT MOTION TO QUASH**

NOW COME KORI DEKKER, a/k/a AUGUST DEKKER;[1] BRIT ROTHSTEIN; SUSAN DOE, a minor, by and through her parents JANE and JOHN DOE;[2] and K.F., a minor, by and through his parent and next friend JADE LADUE[3] (collectively, "Proposed *Amici*"), and pursuant to Local Rule 7(o), to hereby move this Court for leave to file the attached brief as *amicus curiae* in support of the Joint Motion to Quash by non-parties American Academy of Pediatrics ("AAP"),

---

[1] Although August Dekker's legal name is Kori Dekker, he is known by and uses the name August Dekker in accordance with his male gender identity. Accordingly, this Motion refers to Plaintiff as August and uses male pronouns to refer to him.

[2] Because Susan Doe is a minor, whose identity is protected pursuant to Federal Rule of Civil Procedure 5.2(a), and in order to protect the Doe family from undue harassment and intimidation, the court in the underlying action has allowed Susan Doe, Jane Doe, and John Doe to proceed pseudonymously. *See* Order Allowing the Doe Plaintiffs to Proceed Pseudonymously, *Dekker v. Marstiller*, Case No. 4:22-cv-325-RH-MAF (N.D. Fla. Sept. 13, 2022) (Dkt. No. 18).

[3] Because he is a minor, K.F. is proceeding under his initials pursuant to Federal Rule of Civil Procedure 5.2(a).

1

Endocrine Society, World Professional Association for Transgender Health ("WPATH"), American Academy of Child & Adolescent Psychiatry, American Academy of Family Physicians, American Academy of Nursing, American College of Obstetricians and Gynecologists, American College of Physicians, American Medical Association, American Pediatric Society, American Psychiatric Association, Association of American Medical Colleges, National Association of Pediatric Nurse Practitioners, North Central Florida Council of Child & Adolescent Psychiatry, Societies for Pediatric Urology, Society for Adolescent Health and Medicine, Society for Pediatric Research, and Society of Pediatric Nurses (collectively, the "Non-party Groups"). In support thereof, proposed *amici* state as follows:

      1.    Proposed *Amici* are plaintiffs in the underlying action currently pending before the U.S. District Court for the Northern District Florida, captioned *Dekker v. Weida*, Case No. 4:22-cv-325-RH-MAF.

      2.    The lawsuit challenges Defendants' adoption of Fla. Admin. Code R. 59G-1.050(7) (the "Challenged Exclusion"), which prohibits Medicaid coverage of medically necessary treatments for gender dysphoria.

      3.    Proposed *Amici* are transgender Medicaid beneficiaries diagnosed with gender dysphoria. For years, Medicaid covered medically necessary treatment for their gender dysphoria. The Challenged Exclusion took away that coverage, resulting in the denial of access to necessary medical care and causing significant harm to the Proposed *Amici* and other transgender Medicaid beneficiaries across Florida.

      4.    The issues before the Court are of acute concern to the Proposed *Amici*, who stand to be directly impacted by the Court's ruling.

      5.    "An *amicus curiae*, defined as 'friend of the court,' does not represent the parties but participates only for the benefit of the Court." *Hard Drive Productions, Inc. v. Does 1-1,495*,

892 F. Supp. 2d 334, 337 (D.D.C. 2012) (quotation and citation omitted).  Whether to permit *amicus* participation is within the Court's discretion.  *Id*.  "Generally, a court may grant leave to appear as an amicus if the information offered is 'timely and useful.'"  *Ellsworth Associates, Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996).  "[P]ermitting persons to appear in court . . . as friends of the court . . . may be advisable where third parties can contribute to a court's understanding."  *Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir. 1987); *see also Hard Drive Productions, Inc.*, 892 F. Supp. 2d at 337 ("*Amicus* participation is normally appropriate when . . . the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.").

6. The proposed brief meets these criteria.  In opposing the Non-Party Groups' Joint Motion to Quash, Defendants have made several representations about the Proposed *Amici's* theory of the case that are either inaccurate or paint an incomplete picture.  Proposed *Amici* seek to provide the Court with additional information so that it has a complete understanding of their theory of the case, the issues at play in the case, and of Defendants' own course of action during discovery, which undermines their arguments.

7. The participation of *amicus curiae* is particularly appropriate where, as here, a case will have significant implications for civil rights protections beyond the immediate parties before the Court and is of general public interest.  *See Neonatology Assoc., Inc. v. Comm'r of Internal Rev.*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.).  Proposed *Amici* would "fulfill the classic role of *amicus curiae* by assisting in a case of general public interest, . . . supplementing the efforts of counsel, and drawing the court's attention to law that might otherwise escape consideration."  *Funbus Systems, Inc. v. California Public Utilities Com.*, 801 F.2d 1120, 1125 (9th Cir. 1986).

8. In addition, the proposed *amicus* brief is timely under the circumstances. Proposed *Amici* only became aware of Defendants' representations when they filed their opposition on January 20, 2023. *See, e.g. Tafas v. Dudas*, 511 F. Supp. 2d 652, 660 (E.D. Va. 2007) (finding motions to file amicus briefs submitted "a relatively short time after the case began" and before the first hearing were "sufficiently timely"). If this motion is granted, Defendants will have an opportunity to respond to Plaintiffs' arguments during the hearing on the Joint Motion to Quash. As such, there will be no delay in the proceedings.

9. Pursuant to Local Rule 7(m), counsel for the Proposed *Amici* conferred with the parties' counsel concerning the filing of its *amicus* brief. The Non-Party Groups consent to the filing of the brief. Defendants oppose the filing of the brief.

10. A copy of the proposed *amicus* brief has been submitted with this motion along with a proposed order.

WHEREFORE, Plaintiffs respectfully request that the Court grant leave to file the attached *amicus* brief in support of Non-Party Groups' Joint Motion to Quash.

Dated this 25th day of January 2023.

Respectfully submitted,

*/s/ Gary J. Shaw*

| | |
|---|---|
| Omar Gonzalez-Pagan* | Gary J. Shaw (Bar ID 1018056) |
| **LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.** | **PILLSBURY WINTHROP SHAW PITTMAN LLP** |
| 120 Wall Street, 19th Floor | 1200 Seventeenth Street, N.W. |
| New York, New York 10005 | Washington, DC 20036 |
| T: (212) 809-8585 | T: (202) 663-8000 |
| ogonzalez-pagan@lambdalegal.org | gary.shaw@pillsburylaw.com |
| | |
| * *Admission pro hac vice pending* | Catherine McKee (Bar ID NC0003) |
| | **NATIONAL HEALTH LAW PROGRAM** |
| | 1512 E. Franklin Street, Suite 110 |
| | Chapel Hill, NC 27514 |
| | T: (919) 968-6308 |

mckee@healthlaw.org

*Counsel for Proposed Amici*

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 25, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ *Gary J. Shaw*