# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENAS SERVED ON:<br><br>AMERICAN ACADEMY OF PEDIATRICS, et al., | Misc. Case No. 23-MC-00004 |
| AUGUST DEKKER, et al.,<br><br>*Plaintiffs*,<br>v.<br><br>JASON WEIDA, et al.,<br><br>*Defendants*. | Northern District of Florida<br>Case No. 4:22-cv-325-RH-MAF |

**TENDERED AMICUS BRIEF OF PLAINTIFFS AUGUST DEKKER,
BRIT ROTHSTEIN, SUSAN DOE, AND K.F. IN SUPPORT
OF NON-PARTY GROUPS' JOINT MOTION TO QUASH**

1

## STATEMENT OF INTEREST[1]

*Amici* are the plaintiffs in the underlying action *Dekker v. Weida*, Case No. 4:22-cv-325-RH-MAF, currently pending before the United States District Court for the Northern District Florida. Their lawsuit challenges Defendants' adoption of Fla. Admin. Code R. 59G-1.050(7) (the "Challenged Exclusion"), which prohibits Medicaid coverage of medically necessary treatments for gender dysphoria. *Amici* are transgender Medicaid beneficiaries diagnosed with gender dysphoria. Until Defendants adopted the Challenged Exclusion, the *Amici's* medically necessary treatments for their gender dysphoria had been covered by Medicaid. The Challenged Exclusion stripped them of access to medically necessary care that has been prescribed by their treating physicians, causing significant harm to *Amici* and other transgender Medicaid beneficiaries across Florida.

The issues before this Court are of acute concern to *Amici*, who stand to be directly impacted by the Court's ruling. In opposing the Non-Party Groups' Joint Motion to Quash, Defendants have made several representations of *Amici's* theory of the case that are either inaccurate or paint an incomplete picture. *Amici* have an interest in ensuring that the court has an accurate understanding of the relevant issues, *Amici's* theory of the case, and Defendants' own course of action during discovery, which undermines their arguments.

---

[1] No counsel for any other party authored this brief, in whole or in part, and no person other than *amici curiae* or its counsel made any monetary contribution to fund the preparation or submission of this brief.

## INTRODUCTION

In adopting Fla. Admin. Code R. 59G-1.050(7) (the "Challenged Exclusion"), prohibiting Medicaid coverage of services necessary for the treatment of gender dysphoria, Defendants targeted transgender Medicaid beneficiaries, including *Amici* August Dekker, Brit Rothstein, Susan Doe, and K.F., for unlawful discrimination. *Amici* brought a lawsuit in the United States District Court for the Northern District Florida, arguing that the Challenged Exclusion violates the Fourteenth Amendment's Equal Protection Clause; Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116; the Medicaid Act's Early and Periodic Screening, Diagnostic, and Treatment provisions, 42 U.S.C. §§ 1396a(a)(10)(A), 1396a(a)(43)(C), 1396d(a)(4)(B), and 1396d(r) ("EPSDT Requirements"); and the Medicaid Act's requirement that Defendants provide comparable coverage to every Medicaid beneficiary, 42 U.S.C. § 1396a(a)(10)(B)(i) ("Comparability Requirements").

Defendants Jason Weida, in his official capacity as Interim Secretary of the Florida Agency for Health Care Administration, and the Florida Agency for Health Care Administration ("AHCA"), have propounded third-party subpoenas on nearly two dozen nonparty professional medical and mental health organizations that have criticized the Challenged Exclusion as longtime supporters of the provision and coverage of medically necessary health care for gender dysphoria.

Eighteen of these groups have filed the instant motion to quash, and Defendants have opposed it by making misrepresentations about *Amici's* theory of the case. *Amici* now provide the Court with their perspective to fully inform the Court's decision on the Motion to Quash, which *Amici* agree should be granted.

**ARGUMENT**

**I.     AMICI'S THEORY OF THE CASE IS NOT SOLELY DEPENDENT ON THE NON-PARTY GROUPS' VIEWS.**

The court in the underlying case has stated that "the controlling substantive issue" in the case is "whether [the] treatments at issue are experimental."  Order Denying Motion for Rule 35 Examinations, *Dekker v. Weida*, Case No. 4:22-cv-325-RH-MAF (N.D. Fla. Jan. 17, 2023) (Dkt. No. 80).  Whether a treatment is experimental for purposes of Florida Medicaid coverage is principally governed by Fla. Admin. Code R. 59G-1.035(4), which states, in relevant part:

> To determine whether the health service is consistent with generally accepted medical standards, the Agency shall consider the following factors:
>
> (a) Evidence-based clinical practice guidelines.
> (b) Published reports and articles in the authoritative medical and scientific literature related to the health service (published in peer-reviewed scientific literature generally recognized by the relevant medical community or practitioner specialty associations).
> (c) Effectiveness of the health service in improving the individual's prognosis or health outcomes.
> (d) Utilization trends.
> (e) Coverage policies by other creditable insurance payor sources.
> (f) Recommendations or assessments by clinical or technical experts on the subject or field.

*Amici's* arguments and theory of the case are not dependent solely on the non-party groups' views regarding the provision and coverage of medical care for the treatment of gender dysphoria.  To the contrary, *Amici* intend to prove that *each* of the factors outlined Fla. Admin. Code R. 59G-1.035(4) supports coverage of this care.  *Amici* further intend to demonstrate through expert testimony that the medical and scientific literature supports their position that medical care for the treatment of gender dysphoria is medically necessary, safe, effective, and not experimental or investigational.  In addition, Plaintiffs will demonstrate that utilization trends and coverage policies by other creditable insurance payor sources show that medical care for the treatment of gender dysphoria is consistent with generally accepted professional medical standards.

What is more, while it is true that the Endocrine Society's and WPATH's clinical practice guidelines are relevant to this inquiry, these guidelines, which are peer-reviewed scientific publications, speak for themselves. How the guidelines were developed, and the inner workings of these Non-party Groups are irrelevant to "the controlling substantive issue" in the case. Notably, Defendants' assessment of these treatments pursuant to Fla. Admin. Code R. 59G-1.035(4) does not account for the information that Defendants now seek from the Non-Party Groups, which makes the information all the more not relevant.

In sum, it is incorrect for Defendants to present to this Court that the views of the Non-party Groups are the linchpin of *Amici's* case or that *Amici's* case turns on how the Non-party Groups developed their views.

## II. DEFENDANTS' CONDUCT IN DISCOVERY UNDERMINES THEIR ARGUMENTS.

In discovery, the Florida Department of Health and the Florida Surgeon General, who are represented by the same counsel as Defendants, have resisted all discovery thus far in large part based on their non-party status, notwithstanding their role in the development of the Challenged Exclusion. Specifically, on April 20, 2022, the Florida Department of Health and the Florida Surgeon General issued guidance on the "Treatment of Gender Dysphoria in Children and Adolescents" in direct response to the U.S. Department of Health & Human Services Guidance, *Gender-Affirming Care and Young People* (March 2022). This prompted AHCA to exclude Medicaid coverage of medically necessary treatment for gender dysphoria. *See* Treatment of Gender Dysphoria for Children and Adults, Florida Dep't Health (April 20, 2022), https://perma.cc/W33H-6P5Q; Letter from AHCA Secretary Marstiller to Deputy Secretary Wallace (April 20, 2022), https://perma.cc/YS7S-DFAX (requesting a review of the treatments referenced in the FDOH Guidance).

What is more, Defendants themselves have resisted any discovery into their policies, views, and procedures relating to coverage of treatments for gender dysphoria prior to January 1, 2022, which has necessitated a motion to compel before the underlying court. *See* Plaintiffs' Motion to Compel Production of Documents and for Expedited Briefing and Ruling, *Dekker v. Weida*, Case No. 4:22-cv-325-RH-MAF (N.D. Fla. filed Jan. 20, 2023) (Dkt. No. 81). The Motion to Compel is set for hearing on January 26, 2023.

In sum, given Defendants' own narrow view of the discovery that is appropriate in this case, one cannot comprehend how the discovery they have propounded on non-parties is relevant, let alone proportionate to the needs of this case.

## CONCLUSION

*Amici* hope that with this more complete picture, the Court may better assess the merits of the Nonparty Groups' Joint Motion to Quash, which *Amici* Plaintiffs agree should be granted.

Respectfully submitted this 25th day of January, 2023.

| | |
|---|---|
| Omar Gonzalez-Pagan* <br> **LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.** <br> 120 Wall Street, 19th Floor <br> New York, New York 10005 <br> T: (212) 809-8585 <br> ogonzalez-pagan@lambdalegal.org <br><br> * *Admission pro hac vice pending.* | /s/ Gary J. Shaw <br> Gary J. Shaw (Bar ID 1018056) <br> **PILLSBURY WINTHROP SHAW PITTMAN LLP** <br> 1200 Seventeenth Street, N.W. <br> Washington, DC 20036 <br> T: (202) 663-8000 <br> gary.shaw@pillsburylaw.com <br><br> Catherine McKee (Bar ID NC0003) <br> **NATIONAL HEALTH LAW PROGRAM** <br> 1512 E. Franklin Street, Suite 110 <br> Chapel Hill, NC 27514 <br> T: (919) 968-6308 <br> mckee@healthlaw.org |

*Counsel for Amici*

6